## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **THOMAS M. DEEB AND MARIE U BEUG DEEB**  Plaintiffs,  v.  **UNITED STATES OF AMERICA**  Defendants. | Civil Action No.  **COMPLAINT FOR REFUND OF FEDERAL TAX AND INTEREST**  <u>**JURY TRIAL DEMAND**</u> |

Plaintiffs Thomas Deeb and Marie Beug-Deeb (collectively "the Deebs"), pursuant to 26 U.S.C. §§ 7422 and 6532, petitions for a refund of federal income taxes paid to Defendant United States of America with respect to the taxable years ended December 31, 2010 and December 31, 2011, and statutory interest thereon. As the basis for their Complaint, Plaintiffs allege as follows:

### I.   NATURE OF ACTION

1. The Deebs timely filed their tax returns for 2010 and 2011. The Deebs taxable income was $104,199 and $230,444 respectfully which yield refunds of $33,865 and $30,465.00. The tax returns were examined by the Internal Revenue Service which yield an error in removing deductions

1

of $132,788.00 and $184,613.00, respectfully. The Deebs were hit with an additional tax liability of $24,013.80 for tax year 2010 and $62,822.30 for tax year 2011.

2. Because the Internal Revenue Service erred in the removal of the Schedule C (Profit or Loss from Business) deductions for tax year 2010 and 2011 and assessed a tax liability for the Deebs, which caused the Deebs to pay the disputed federal income taxes of $86,836.10, the Deebs should be entitled to a refund in the amount of the disputed federal income taxes paid.

## II.   THE PARTIES

3. Plaintiff Thomas Deeb ("Mr. Deeb") is a resident of Georgia at address 525 Wilde Green Drive Roswell, Georgia.

4. Plaintiff Marie Beug-Deeb "Mrs. Deeb") is a resident of Georgia at address 525 Wilde Green Drive Roswell, Georgia.

5. Defendant, by and through its agency, the Internal Revenue Service, is the United States of America.

## III.   JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

7. Venue is proper in this Court under 28 U.S.C. § 1402(a)(1) because the Deebs reside within the Court's Judicial District.

8. Pursuant to 26 U.S.C. §§ 7422 & 6532(a)(1), the Deebs bring this action (1) after they paid the disputed federal income taxes that were erroneously assessed, and (2) after six months from their timely filing of refund claims with the Internal Revenue Service for the overpayment of federal income taxes, and statutory interest thereon.

9. The Deebs have satisfied all conditions precedent to filing this suit.

### IV.   FACTUAL BACKGROUND

#### A. 2010 Tax Return

10. Mr. Deeb owned T&M Associates Baku, which was a business classified as a sole proprietorship were income and expenses were reported on the Deebs personal tax returns under Schedule C (Profit or Loss from Business).

11. The Deebs filed their 2010 federal income tax return with the Internal Revenue Service on or before May 7, 2012.

12. The Deebs reported a Schedule C (Profit or Loss from Business) form which included:

    (a) Gross receipts of $98,400 and

    (b) Business expenses that included:

        i. Contract Labor-$37,350;

        ii. Interest (Other) -$2,700;

        iii. Legal and Professional fee- $4,050;

        iv. Supplies-$ 2,908;

        v. Taxes and License-$5,016;

        vi. Travel-$91,014;

        vii. Utilities-$1,211.

13. On April 27, 2012, Internal Revenue Service issued the Deebs a tax refund in the amount of $33,865.

14. On December 27, 2012 Internal Revenue Service examined the 2010 tax return and the Deebs were assessed an additional tax in the amount of $18,514. The Internal Revenue Service also assessed interest in the amount of $1,863.63 and penalties in the amount of $4,095.49.

15. On January 12, 2015, the Deebs paid the disputed federal income amount of $24,013.80 through a garnishment of their tax year 2012 tax refund.

16. On April 15, 2014, the Deebs paid the disputed federal income amount of $617.32 through a garnishment of their tax year 2013 tax refund.

### B. <u>2011 TAX RETURN</u>

17. Mr. Deeb owned T&M Associates Baku, which was a business classified as a sole proprietorship were income and expenses were reported on the Deebs personal tax returns under Schedule C (Profit or Loss from Business).

18. The Deebs timely filed their 2013 federal income tax return with the Internal Revenue Service on or before February 25, 2013.

19. The Deebs reported a Schedule C (Profit or Loss from Business) form which included

    (a) Gross receipts of $168,263 and

    (b) Business expenses included:

        i. Contract Labor-$79,775,

        ii. Legal and Professional fee- $1,471,

        iii. Supplies-$1,230,

        iv. Taxes and License-$9,784,

        v. Travel-$95,466,

        vi. Utilities-$2,086,

        vii. Other Expenses-$7,573.

20. On February 15, 2013, Internal Revenue Service issued the Deebs a tax refund in the amount of $30,465.

21. On August 23, 2013, Internal Revenue Service examined their returns and the Deebs' were assessed an additional tax in the amount of $51,180. The Internal Revenue Service also assessed interest in the amount of $8,539.05 and penalties in the amount of $22,604.93.

22. On April 15, 2014, the Deebs paid the disputed federal income amount of $10,053.68 through a garnishment of their tax year 2013 refund.

23. On April 15, 2015, the Deebs paid the disputed federal income amount of $10,538 through a garnishment of their tax year 2014 refund.

24. On April 15, 2016, the Deebs paid the disputed federal income amount of $16,538 through a garnishment of their tax year 2015 refund.

25. On May 11, 2017, the Deebs paid the disputed federal income amount of $46,284.30 through a payment made by the taxpayers.

V.   THE INTERNAL REVENUE SERVICE POSITION

26. The Internal Revenue Service, as of the date of this filing, has not responded to the claim for refunds that was mailed to the IRS on April 13, 2018.

27. As of the date of this filing, no notice of disallowance has been mailed to the Deebs.

## VI.   CAUSES OF ACTION

### Count I:

### Business Deductions

28. The Deebs hereby incorporate by reference the allegation contained in paragraphs 1 to 27 of this Complaint as if fully set forth herein.

29. To be deductible, a business expense must be both ordinary and necessary. An ordinary expense is one that is common and accepted in the taxpayer's industry. A necessary expense is one that is helpful and appropriate for taxpayer's trade or business. An expense does not have to be indispensable to be considered necessary.   *26 U.S. Code §162(a) Commissioner v. Heininger, 320 U.S. 467, 471 (1943)*

30. A trade or business expense is ordinary if it is normal or customary within a particular trade, business, or industry, and it is necessary if it is appropriate and helpful for the development of the business. *Commissioner v. Heininger, 320 U.S. 467, 471 (1943).* Whether an expenditure is ordinary and necessary is generally a question of fact. Id. at 475.

31. Business expenses are basically routine expenses incurred in operating an up-and-running business. Examples include employee wages, rent, utilities and advertising. Business expenses can generally be deducted in the year when they're paid or incurred. *26 U.S. Code §162(a)(1)-(3)*

    **A. <u>Contract Labor</u>**

32. The Deebs claimed a deduction for contract labor expenses in the amount of $37,350 for tax year 2010 and $79,775 for tax year 2011.

33. An independent contractor is one who works for another but according to his own manner and method, free from direction or right of direction in matters relating to performance of work save as to results. *Prof'l & Exec. Leasing, Inc. v. Commissioner*, 89 T.C. 225, 232-33 (1987), aff'd, 862 F.2d 751, 753 (9th Cir. 1988); *Simpson v. Commissioner*, 64 T.C. 974, 985 (1975); see also *Ill. Tri-Seal Prods., Inc. v United States*, 353 F.2d 216 (Ct. Cl. 1965).

34. The Deebs substantiated expenses for contract labor through 1099-MISC and checks made to independent contractors who provided a service for the business.

### B. Legal and Professional Fee

35. The Deebs claimed a deduction for legal and professional fees in the amount of $4,050 for tax year 2010 and $1,471 for tax year 2011.

36. The Deebs substantiated expense for legal fees through LegalShield, a monthly legal services membership, and tax and accounting service for operating the business.

### C. Supplies

37. The Deebs claimed a deduction for supplies in the amount of 2,908 for tax year 2010 and $1,230 for tax year 2011.

38. The Deebs substantiated expense for paper, ink cartridges, and other ordinary and necessary supply expenses for operating the business.

### D. Taxes and License

39. The Deebs claimed a deduction for taxes and license in the amount of $5,016 for tax year 2010 and $9,784 for tax year 2011.

40. The Deebs substantiated expense for business taxes and license expenses for operating a business.

### E. Travel Expenses

41. The Deebs claimed a deduction for travel in the amount of $91,014 for tax year 2010 and $95,466 for tax year 2011.

42. Mr. Deeb traveled internationally for the business during the tax years 2010 and 2011.

43. A taxpayer travels away from home if:

    (a) Taxpayer duties require taxpayer to be away from the general area of his tax home substantially longer than an ordinary day's work and

    (b) Taxpayer needs to sleep or rest to meet the demands of his work while away from home.

    (c) Taxpayer can deduct ordinary and necessary expenses when he travelled away from home for his business. The type of expenses he can deduct depends on the facts and his circumstances. *I.R.C. § 162(a)(2).*

44. When he traveled away from home on business, he must keep records of all the expenses. He could use a log, diary, notebook, or any other written record to keep track of his expenses. *Sec. 274(d)*

45. If he travelled outside of the United States and he spent the entire time on business activities, he can deduct all of his travel expenses. *26 CFR §1.274-4*

46. Taxpayer's international business travels exceeded one (1) week and a portion of the travel attributable to his trade or business was more than

25% of the total time of such travel. *Yuanqiang Zhang v. Commissioner, 2003 T.C. Summary Opinion 58*

47. Deductible travel expenses while away from home include, but aren't limited to, the costs of:

   (a) Travel by airplane, train, bus or car between his home and his business destination.

   (b) Fares for taxis or other types of transportation between the airport or train station and his hotel, the hotel and the work location, and from one customer to another, or from one place of business to another.

   (c) Shipping of baggage, and sample or display material between regular and temporary work locations.

   (d) Using his car while at his business destination. He can deduct actual expenses or the standard mileage rate, as well as business-related tolls and parking fees. If he rents a car, he can deduct the business-use portion for the expenses.

   (e) Meals and lodging,

   (f) Dry cleaning and laundry,

(g) Business calls while on his business trip. (This includes business communications by fax machine or other communication devices.)

(h) Tips taxpayer paid for services related to any of these expenses.

(i) Other similar ordinary and necessary expenses related to his business travel. (These expenses might include transportation to and from a business meal, public stenographer's fees, computer rental fees, and operating and maintaining a house trailer.) *Haynie v. Commissioner, 36 T.C. Memo. 1977-330.*

48. The Deebs substantiated expense for international business travel to and from an overseas destination in pursuit of his trade or business.

### F. Utilities

49. The Deebs claimed a deduction for utilities in the amount of $1,211 for tax year 2011 and $2,086 for tax year 2011.

50. The Deebs substantiated expense for cable and internet service at their home for operating a home-based business.

### G. Other Expenses

51. The Deebs claimed a deduction for other expenses in the amount of $7,573 for tax year 2010.

52. The Deebs substantiated expense for other expenses for operating the business.

### H. Interest (Other)

53. The Deebs claimed a deduction for interest (other) in the amount of $2,700 for tax year 2010.

54. The Deebs substantiated credit card interest expenses for operating the business.

55. Accordingly, the business expenses for tax years 2010 and 2011were deductible and the Deebs are entitled to a refund for the 2010 year in the amount of $24,013.80 and 2011 year in the amount of $62,822.30.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Deebs respectfully request that the Court:

56. Determine that the disputed federal tax income taxes were erroneously assessed on the Deebs having valid defenses against the assertion of such taxes;

57. Award the Deebs a refund for the 2010 year in the amount of $24,013.80 plus statutory interest;

58. Award the Deebs a refund for the 2011 year in the amount of $62,822.30 plus statutory interest;

59. Award the Debbs their cost in this action;

60. Enter such other further relief to which the Deebs may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## VIII.  <u>JURY DEMAND</u>

Plaintiffs demand trial by jury on all issues so triable.

DATED this 6th day of April 2020

Respectfully submitted,

Deming, Parker, Hoffman, Campbell & Daly, LLC

<u>*s/ Josie Harris-Walton*</u>
Josie Harris-Walton, Esq. #191911
2200 Century Parkway NE Suite 800
Atlanta, Georgia 30345
Tel: (678) 924-4498
Fax: (678) 924-4461
jwalton@deminglaw.com

*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April 2020, a copy of the foregoing Verified Complaint was filed with the Clerk of the Court using the electronic filing system. I also certify that the foregoing will be served, along with a copy of the Summons and Complaint, via certified mailing upon the following defendants:

The United States Attorney's Office
Civil-Process Clerk
75 Ted Turner Drive SW
Suite 600
Atlanta, Georgia 30303

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

*s/ Josie Harris-Walton*
Josie Harris-Walton
*Attorney for Plaintiffs*
